GEORGE W. WARD, ET AL., *v.* JOHN W. GAULT, ET AL.

**Homestead—Husband and Wife.**

> The wife can assert no claim to a homestead without the consent of the husband and his uniting with her. It is the husband who must assert the right, and not the wife. This right passes to the wife and children only upon the death of the husband.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 16, 1877.

OPINION BY JUDGE PRYOR:

There is nothing in the statute prohibiting the husband from alienating the homestead or removing from it so as to deprive the wife of the use and possession, and while the exemption during the life of the husband inures to the benefit of the wife, the latter can assert no claim to a homestead without the consent of the husband and his uniting with her. It is the husband who must assert the right, and not the wife. This right passes to the wife and children at the death of the husband, and not until this event happens can the wife assert her rights. In this case the property had been sold and the sale confirmed, and the wife, on her own petition, without even making the husband a party, seeks to deprive the purchaser of an interest in the property that necessarily diminishes the value of his purchase. The husband stands by and permits the sale without claiming any exemption. The petition seeks to subject the whole interest of the husband, and we can not well see, after the sale and its confirmance, how the husband, if he had united with the wife, could have affected the claim of the purchaser. The wife, at the death of the husband, if this were other than a life estate, could recover the homestead, for the reason that she never executed the mortgage. The appeal is only from the judgment rejecting the claim to a homestead, and if from the original judgment it seems to us the property is sufficiently described.

Judgment *affirmed.*

*Lindsays, for appellants.*

*Rodmans, A. J. and D. James, for appellees.*